UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANNETTE ELLEN HIMES,

                Petitioner,                    Case No. 21-10224

v.

                                        Stephanie Dawkins Davis
JEREMY HOWARD,                      United States District Judge

                Respondent.
_____/

**OPINION AND ORDER DENYING MOTION FOR
IMMEDIATE RELEASE FROM CUSTODY (ECF No. 2)**

Petitioner, Annette Himes, filed a petition for a writ of habeas corpus, challenging her state convictions. Respondent, Jeremy Howard, timely filed an answer after having been ordered to do so by September 9, 2021. (ECF No. 4). In 2019, Petitioner pleaded guilty to a probation violation relating to her underlying plea-based conviction for Controlled Substance Delivery Less than 50 Grams (Mich. Comp. Laws § 333.7401(2)(a)(iv)) and guilty to another violation of the same statute and to being a Habitual Offender, Fourth Offense (Mich. Comp. Laws § 769.12). She is currently serving a sentence of 38-480 months for one count and 48-360 months for the other count. (ECF No. 7-26, PageID.388). In her petition, Petitioner claims that her plea was not knowing and voluntary due to the trial court's failure to inquire into her mental competency. She also claims that she was denied the right to a meaningful allocution based on her lack of competency. (ECF

1

No. 1).  Petitioner's claims were rejected by the Michigan Court of Appeals for lack of merit and her application for leave to appeal to the Michigan Supreme Court was denied.  (ECF No. 7-26, 7-27).

Pending adjudication of her habeas petition, Petitioner has filed the instant motion for immediate release based on the COVID-19 pandemic.  In her motion, she provides details about her health conditions, including treatment for a non-healing ulcer, asthma, cellulitis, and possible breast cancer.  (ECF No. 2).  She asserts that she is medically vulnerable to contracting COVID-19 based on her health problems and where she is currently housed in the correctional facility.  *Id*. Petitioner's motion can most accurately be characterized as a motion for bond pending review of her habeas petition, but Petitioner fails to establish that she meets the standard for such relief and for the reasons that follow, the motion is **DENIED**.

"A prisoner seeking bail pending review of [her] habeas petition must, among other requirements, convince the district court that exceptional circumstances and the 'interests of justice' warrant relief."  *Pouncy v. Palmer*, 993 F.3d 461, 463 (6th Cir. 2021) (citing *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)).  It will be the rare occasion when an inmate will be able to satisfy this standard.  *Id*.  *See also Dotson*, 900 F.2d at 79 ("In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim

of law based on the facts surrounding the petition but also the existence of 'some

circumstance making [the motion for bail] exceptional and deserving of special

treatment in the interests of justice.'") (citation omitted).  As explained in

*Blocksom v. Klee*, the circumstances warranting release pending habeas review are

exceptional and rare:

> Neither the United States Supreme Court nor the United
> States Court of Appeals for the Sixth Circuit has
> provided definitive guidance for determining whether a
> petitioner's "circumstances" are so "exceptional" as to
> justify release pending review of his habeas claims.
> Unpublished decisions from this Court suggest that
> "exceptional circumstances" warranting release during
> review "have been limited to situations where (1) the
> prisoner was gravely ill, (2) the prisoner committed a
> minor crime and is serving a short sentence, or (3)
> possibly where there was an extraordinary delay in
> processing the habeas petition." *Scheidler v. Berghuis*,
> 07–cv–01346, 2008 WL 161899 (E.D. Mich. 2008)
> (citations omitted); *see also Milstead v. Sherry*, 07–cv–
> 15332, 2009 WL 728540 (E.D. Mich. 2009) (citation
> omitted).  This much is clear: federal courts very rarely
> find "exceptional circumstances" and very rarely release
> petitioners before ruling on the merits of their claims.
> Indeed, there seem to be but a handful of decisions in
> which federal courts have released petitioners pending
> review of their claims.

2015 WL 300261, at *4 (E.D. Mich. Jan. 22, 2015).

In her motion and supporting brief, Petitioner merely lists the two grounds

for her petition without discussing how the facts surrounding those issues establish

a substantial claim of law.  In particular, she claims that the trial court (1) failed to

3

determine whether she was competent at the time of her sentence and (2) denied her right to a meaningful allocution in light of her lack of competency. Yet, she offers no factual support for these claims nor cross-references to any items in the record. (ECF No. 2, PageID.44). Thus, in light of the fact that Petitioner has failed to even claim in her motion that she can demonstrate a substantial claim of law based on the facts surrounding her petition, her motion misses the target in clearing the first hurdle to relief. *See e.g. Greenup v. Snyder*, 57 Fed. Appx. 620, 621-22 (6th Cir. 2003) (The district court properly denied the motion for bond because the habeas claims did not appear to be substantial and no unusual circumstances existed warranting the relief requested). Indeed, while respondent has now filed his response to the petition, no decision on the merits has been reached. *Id*. at 621 (Affirming district court decision to deny bail "until there is a finding that the Petitioner's claims have merit."). Since Petitioner has made no effort in her brief to provide the court with a developed argument demonstrating the existence of a substantial question of law, the court is largely left to review the record on its own. Giving Petitioner the benefit of the doubt, while she has not detailed her argument for the existence of a substantial question of law in the instant motion or brief, she has set forth the legal grounds for her petition in the brief supporting her petition. (ECF No. 1, PageID.24). And Respondent has disputed those grounds in its response. (ECF No. 6). As previously noted, the

4

court has not yet ruled on the petition, but regardless of whether the petition raises a substantial question, for the reasons that follow, Petitioner's motion fails.

Even if the court were to conclude that Petitioner has raised a substantial question of law, she has not established the existence of exceptional circumstances supporting release. *See e.g.*, *Jones v. Perry*, 2022 WL 348649 (M.D. Tenn. Feb. 4, 2022) (Even assuming that the petitioner has shown a substantial claim of law, relief denied where medical conditions, even in the face of the pandemic, did not meet the "high bar" of an exceptional circumstance warranting pre-decisional relief.") (collecting cases). The circumstances Petitioner advances to support her request pertain to COVID-19; she asserts that her health is in danger because of the current historic Coronavirus pandemic and the risks that the virus poses to inmates. The court is mindful of Petitioner's concerns. But, Respondent has offered evidence that Petitioner's potential for exposure to COVID-19 is in fact not exceptional for several reasons. Specifically, Respondent points out that Petitioner's circumstances are effectively the same as every other MDOC inmate, even those with underlying medical conditions, given the effect of a global pandemic on everyone, including all incarcerated individuals. Respondent acknowledges that Petitioner has some ongoing health concerns, but points out that the evidence in the record does not reflect that those concerns are related to contracting COVID-19. Further, the medical documents Petitioner relies on to

support her motion are from June and September 2019, which preceded her sentencing in this matter.  (ECF 2, PageID.56-60; ECF No. 7-25).  In short, Petitioner offers no evidence that meaningfully differentiates her circumstances from those facing any other inmate in the custody of the MDOC.  Indeed, Himes' fellow inmates face the same risks that she does, and many have underlying medical conditions similar to or worse than hers.  As such, the pandemic does not present an exceptional circumstance as to Petitioner's specific situation.  And, unlike *Puertas v. Overton*, 272 F.Supp.2d 621, 630 (E.D. Mich. 2003), Petitioner has not offered evidence of a "dire health condition" that is not being adequately treated while in custody.  In *Puertas*, the petitioner required life-sustaining treatment that could only be obtained outside the prison.  Petitioner makes no such claim here.  Instead, she admits she is receiving treatment for her medical conditions, and she does not claim that her treatment is inadequate.  (ECF No. 2, PageID.49).  Petitioner's case is also distinguishable from *Clark v. Hoffner*, 2020 WL 1703870 (E.D. Mich. Apr. 8, 2020).  There, the petitioner was released on bond due to the threat of COVID-19 at the Lakeland Correctional Facility, but the district court had already found substantial merit in the petitioner's habeas claim and concluded that there was evidence of actual innocence.  This court has made no such merits decision, and thus *Clark* is inapposite.

Further, it is significant that the MDOC has taken a number of measures to protect inmates in its custody from the spread of the coronavirus, since the early stages of the pandemic.  Initially, Michigan's governor established protocols to mitigate the spread of COVID-19 among state prisoners and individuals who work in state prisons.  Executive Order 2020-29 required MDOC to continue the risk-reduction protocols already in place and implemented in its facilities.  These protocols included: screening persons entering and departing facilities; restricting visitors; limiting off-site appointments; developing and implementing protocols for inmates with COVID-19 symptoms; providing personal protective equipment for staff; stringently cleaning areas and surfaces; ensuring access to personal hygiene products; practicing social distancing; and minimizing crowding.  Since the expiration of that EO, the Director of MDOC has issued a memorandum outlining the steps the MDOC is taking to protect staff and prisoners from the spread of COVID-19.  Among other things, the precautionary measures include: developing isolation areas for the placement and treatment of prisoners who have tested positive for COVID-19, are under investigation for having COVID-19, or have had close contact with known-positive COVID-19 individuals; the wearing of protective gear; the screening of individuals entering correctional facilities; and social distancing.  *See* https://www.michigan.gov/documents/corrections/DOM_2021-

26R6_COVID_Final_3-26-21____720613_7.pdf  (last accessed 03/22/2022).

Petitioner does not suggest that she has been exposed to the coronavirus nor does she demonstrate that the MDOC has failed to protect her with appropriate precautionary measures.  And notably, as of the date Respondent filed his response, there were only two active cases of COVID-19 at the Huron Valley Correctional facility.  (ECF No. 9, PageID.593, citing,

https://medium.com/@MichiganDOC/mdoc-takes-steps-to-prevent-spread-of-coronavirus-covid-19-250f43144337).[1]  Based on the foregoing, Respondent persuasively shows that the risk of harm to Petitioner from the coronavirus pandemic is not exceptional.

In summary, Petitioner's request for release on bond pending a decision on the merits of her habeas claim must be denied because she has not shown that the coronavirus pandemic presents an exceptional circumstance in her particular situation.

Accordingly, the Motion for Immediate Release from Custody (ECF No. 2) is **DENIED WITHOUT PREJUDICE**.

s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States District Judge

Dated: March 24, 2022

---

[1]  As of November 19, 2021, there were five active COVID-19 cases at Huron Valley Correctional Facility, out of 2,592 inmates.  *See* https://medium.com/@MichiganDOC/mdoc-takes-steps-to-prevent-spread-of-coronavirus-covid-19-250f43144337 (last accessed 11/19/21).

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 24, 2022, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager
