UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANNETTE ELLEN HIMES,

    Petitioner,

v.

JEREMY HOWARD,

    Respondent.

Case No. 21-10224
Honorable Shalina D. Kumar
Mag. Judge Anthony P. Patti

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS (ECF NO. 1), DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO <u>APPEAL *IN FORMA PAUPERIS*</u>**

Annette Ellen Himes ("Petitioner"), confined at the Huron Valley Women's Complex in Ypsilanti, Michigan, filed a *pro se* petition for a writ of habeas corpus, challenging her state convictions for delivery/manufacture of less than 50 grams of a controlled substance, Mich. Comp. Laws § 333.7401(2)(A)(4), and being a fourth felony habitual offender, Mich. Comp. Laws § 769.12. Petitioner also challenges her plea and sentence for violating probation on a second count of delivery/manufacture of a controlled substance, Mich. Comp. Laws § 333.7401(2)(A)(4)). For the reasons that follow, the petition for a writ of habeas corpus is **DENIED**.

**I. Background**

1

Petitioner pleaded guilty in Case No. 19-245186-FH in the Monroe County Circuit Court to one count of possession with intent to deliver a controlled substance less than 50 grams and being a fourth felony habitual offender, and in exchange, the prosecutor agreed to dismiss a second charge and dismiss the Controlled Substance Second Offense Notice. ECF No. 7-23, PageID.344-45. Petitioner was advised of the charges and the maximum penalties for the charges. Petitioner told the judge she understood the charges and the possible penalties. *Id.* at PageID.346-47. Petitioner was advised of her trial rights, which she was waiving by pleading guilty. Petitioner acknowledged that she was relinquishing these rights by pleading guilty. Petitioner also stated that she was pleading guilty freely and voluntarily and that no one had forced her to plead guilty. *Id.* at PageID.347-50. Petitioner told the judge that she possessed Oxycodone with the intent to sell it in Monroe, Michigan. Petitioner also acknowledged that she had been convicted of three prior felonies in the past, so as to support the fourth felony habitual offender supplement. *Id.* at PageID.352.

Petitioner also pleaded guilty the same day to violating the terms of her probation in Case No. 15-242232-FH and in another case which she does not challenge in this petition. Petitioner was again advised that, by pleading guilty to violating her probation, she was giving up her right to a

contested hearing and all the rights that she had at such a hearing. Petitioner stated she understood that she was waiving these rights by pleading guilty to the probation violation. Petitioner was then advised of the maximum penalty for the offense for which she was pleading guilty. Petitioner told the judge that she was pleading guilty freely and voluntarily and that no one had forced her to do so. *Id.* at PageID.353-56. The judge took judicial notice of the fact that petitioner's new conviction was a violation of her probation. *Id.* at PageID.356.

Petitioner was sentenced on October 24, 2019. Defense counsel asked the court to adjourn the sentence because of Petitioner's physical condition and a wound Vacuum Assisted Closure ("VAC") that had been installed in Petitioner the day before sentencing. ECF No. 7-25, PageID.370-72. Petitioner told the judge that she had been suffering with necrotizing fasciitis and Fournier's gangrene since 2015. Petitioner said she had been on numerous antibiotics and had been receiving wound care. A nurse had been coming to Petitioner's house three times a week to change the wound VAC. Petitioner had also been seeing an infectious disease doctor. When the judge responded that the medical records showed that she had not been going to an infectious disease doctor as she

3

was supposed to do, Petitioner responded that she had been going. *Id.* at PageID.372-373.

The judge refused to adjourn the sentencing. *Id.* at PageID.374-75. In response to a question from the judge, Petitioner acknowledged that she was in jeopardy of being terminated from programming in which she was participating at Catholic Charities because she had not been attending as much as expected. Petitioner also informed the judge that she thought her contact person at Catholic Charities was on maternity leave but when she found out she was not, Petitioner went and saw her the week prior to sentencing. *Id.* at PageID.375-76. When asked if she would like to address the court, Petitioner stated the following:

> Your Honor, I know I was wrong. And like my attorney said, I was just trying to get by. I have Medicaid, but with my colostomy bag, I run out of supplies with that. With the wound, I have to buy extra gauze because of the - - and then I don't get on food stamps, so I have to buy my own food.
>
> Other than that, I don't really have anything else.

*Id.* at PageID.377-78.

Petitioner was sentenced to 48 months to 360 months in Case No. 19-245186-FH and received 38 months to 480 months in prison on her probation violation in Case No. 15-2422232-FH. The sentences were to run concurrently. *Id.* at PageID.380-81.

Petitioner's convictions and sentences were affirmed on appeal. *People v. Himes*, 353008; 353009 (Mich. Ct. App. Apr. 10, 2020); *leave denied*, 506 Mich. 962, 950 N.W.2d 724 (2020).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The trial court erred when it neglected to determine whether Ms. Himes was competent at the time of sentence.

II. Ms. Himes was denied the right to meaningful allocution due to lack of competency.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the

5

Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.,* at 103.

The Michigan Court of Appeals denied Petitioner's application for leave to appeal on Petitioner's direct appeal in a form order "for lack of merit in the grounds presented." The Michigan Supreme Court also denied

Petitioner leave to appeal in a standard form order without any extended discussion.

Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require that there be an opinion from the state court that explains the state court's reasoning. *Harrington*, 562 U.S. at 98. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id*. In fact, when a habeas petitioner presents a federal claim to a state court and the state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id*. at 99. That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. *Id*. at 99-100.

The AEDPA's deferential standard of review applies where the Michigan Court of Appeals rejected Petitioner's appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order; these orders amounted to

a decision on the merits. *See Werth v. Bell*, 692 F.3d 486, 492-94 (6th Cir. 2012).

### III. Discussion

Petitioner in her first claim argues that she was not mentally competent to plead guilty or to be sentenced and the judge should have inquired into whether she was mentally competent to proceed. Petitioner claims that she was diagnosed with bipolar disorder and was also suffering from post-traumatic stress syndrome, which rendered her incompetent to plead guilty or to be sentenced. Petitioner in her second claim alleges that her mental incompetency at sentencing prevented her from allocuting at sentencing on her behalf.

A defendant may not be put to trial unless he has a sufficient present ability to consult with his lawyer within a reasonable degree of rational understanding and a rational as well as a factual understanding of the proceedings against him. *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996); *Dusky v. United States*, 362 U.S. 402, 402 (1960). The competency standard for pleading guilty is identical to the competency for standing trial. *Godinez v. Moran*, 509 U.S. 389, 398 (1993). The Sixth Circuit applies the *Dusky* standard in evaluating a defendant's competency to proceed to

sentencing. *See United States v. Washington*, 271 F. App'x 485, 490 (6th Cir. 2008).

A habeas petitioner's mental competency claims "can raise issues of both substantive and procedural due process." *Hastings v. Yukins,* 194 F. Supp. 2d 659, 670 (E.D. Mich. 2002). A habeas petitioner may make a procedural competency claim by alleging that the state trial court failed to conduct a competency hearing after the petitioner's mental competency was put in issue; to succeed on the procedural claim, a habeas petitioner must establish that the state trial judge ignored facts which raised a "*bona fide* doubt" regarding petitioner's competency to stand trial. *Walker v. Attorney General for the State of Oklahoma*, 167 F.3d 1339, 1343 (10th Cir. 1999) (internal citations omitted); *Hastings,* 194 F. Supp. 2d at 670.

Evidence of a defendant's irrational behavior, his or her demeanor at trial or at another court proceeding, and any prior medical opinions on competence to stand trial are all relevant in determining whether further inquiry by a trial court on a defendant's mental state is required, but even one of these factors standing alone, may in some circumstances, be sufficient to trigger a responsibility to further inquire into a defendant's mental fitness to stand trial. *Drope v. Missouri*, 420 U.S. 162, 180 (1975).

There are no fixed or immutable signs which invariably indicate the need for a further inquiry to determine the fitness to proceed. *Id.* There must be some manifestation or conduct on a habeas petitioner's part "to trigger a reasonable doubt as to his or her competency." *Hastings,* 194 F. Supp. 2d at 671. A trial judge is allowed to rely on his or her own observations of the defendant's comportment or demeanor to determine whether that defendant is competent to stand trial. *Id.* (citing *Bryson v. Ward*, 187 F.3d 1193, 1201 (10th Cir. 1999)).

A full competency hearing is necessary only when a court has a reason to doubt a defendant's competency to stand trial or to plead guilty. *Godinez*, 509 U.S. at 401, n. 13. "The due process right to a fair trial is violated by a court's failure to hold a proper competency hearing where there is substantial evidence of a defendant's incompetency." *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012). The question for a reviewing court is "[w]hether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *Mackey v. Dutton*, 217 F.3d 399, 413-14 (6th Cir. 2000) (quoting *Williams v. Bordenkircher*, 696 F.2d 464, 467 (6th Cir. 1983)) (additional quotation omitted).

"A state court determination of competence is a factual finding, to which deference must be paid." *Franklin*, 695 F.3d at 447 (citing *Thompson v. Keohane*, 516 U.S. 99, 108-11 (1995)). A state court's factual determination regarding a defendant's competency to plead guilty is also entitled to the presumption of correctness in habeas corpus proceedings. *Hastings,* 194 F. Supp. 2d at 670. The petitioner has the burden to rebut the presumption of correctness of the state court's determination of his or her competency by clear and convincing evidence. *Doughty v. Grayson*, 397 F. Supp. 2d 867, 876 (E.D. Mich. 2005). Moreover, regardless of whether a federal habeas court would reach a different conclusion regarding a habeas petitioner's competence to stand trial were it reviewing the case *de novo*, the findings of the state court must be upheld unless there is clear and convincing evidence to the contrary, and this deference must be paid even to state court factual findings made on appeal. *Franklin,* 695 F.3d at 447.

Petitioner's procedural competency claim fails because there is no evidence which should have raised a *bona fide* doubt with the trial court as to Petitioner's competency to plead guilty or to be sentenced. Petitioner was lucid at the plea and sentencing. Petitioner responded appropriately to the judge's questions at both hearings and stated she understood what was

11

happening. Petitioner acknowledged her wrongdoing at sentencing. All of these things indicate Petitioner is not entitled to relief; the judge did not unreasonably determine that Petitioner was competent to plead guilty or to be sentenced. *See Franklin*, 695 F.3d at 449.

A habeas petitioner can also raise a substantive competency claim by alleging that they were tried and convicted while mentally incompetent. However, a habeas petitioner raising a substantive claim of incompetency is not entitled to a presumption of incompetency and must demonstrate his or her incompetency by a preponderance of the evidence. *Walker v. Attorney General for the State of Oklahoma*, 167 F.3d at 1344; *Hastings,* 194 F. Supp. 2d at 671.

To obtain habeas relief on a substantive incompetence claim, a habeas petitioner must present evidence which is sufficient "to positively, unequivocally, and clearly generate a real, substantial and legitimate doubt as to his mental capacity" to stand trial. *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002) (internal quotations omitted). A habeas petitioner "is entitled to an evidentiary hearing on the issue of competency to stand trial if he presents sufficient facts to create a real and substantial doubt as to his competency, even if those facts were not presented to the trial court." *Id.* However, "although retrospective determinations of

12

competency are not prohibited, they are disfavored, and the Court will give considerable weight to the lack of contemporaneous evidence of petitioner's incompetence." *Thirkield*, 199 F. Supp. 2d at 653.

The only evidence that Petitioner offers to support her claim that she was incompetent to plead guilty or be sentenced was that she was diagnosed with bipolar disorder and post-traumatic stress syndrome and was being treated with two psychotropic medications. ECF 1, PageID.29. Neither low intelligence, mental deficiency, nor the fact that a defendant has been treated with anti-psychotic drugs automatically equates with incompetence. *See Burket v. Angelone*, 208 F.3d 172, 192 (4th Cir. 2000); *Hastings,* 194 F. Supp. 2d at 671-72. Mental illness in and of itself does not equate with the incompetency to stand trial. *See United States v. Davis*, 93 F.3d 1286, 1290 (6th Cir.1996); *see also Mackey*, 217 F.3d at 410-14 (upholding determination that habeas petitioner was competent despite an earlier diagnosis of schizophrenia and an affidavit from the defendant's lawyer stating that his client "exhibit[ed] great difficulty in communicating and assisting with his defense."); *United States v. Miller*, 531 F.3d 340, 350 (6th Cir. 2008) ("the bar for incompetency is high").

Bipolar disorder and post-traumatic stress syndrome, by themselves, do not render a defendant incompetent to stand trial or to plead guilty if the

13

defendant is able to understand his or her rights and participate in the proceedings. *See United States v. Alfadhili*, 762 F. App'x 264, 268-69 (6th Cir. 2019); *see also United States v. Allen*, 665 F. App'x 531, 534 (6th Cir. 2016).

Petitioner presented no evidence that she was unable to understand the proceedings against her or assist her attorney at the plea or at sentencing. The trial judge engaged in a lengthy colloquy with Petitioner at the plea hearing, in which she clearly and lucidly answered the judge's questions in an appropriate manner. There is nothing in the record to indicate that Petitioner did not understand the proceedings or responded inappropriately to the judge's questions or to her own counsel's comments. Significantly, nothing in the record establishes that Petitioner was confused or unable to participate in the proceedings. There is no evidence that Petitioner was not in possession of her mental facilities when she pleaded guilty; any "after the fact" incompetency claim is without merit. *See United States v. Calvin,* 20 F. App'x 452, 453 (6th Cir. 2001); *Hastings*, 194 F. Supp. 2d at 672.

Additionally, Petitioner failed to present evidence that she was not mentally competent at the time of sentencing. She responded that she

14

wanted to allocute and proceeded to make a lengthy statement to the judge. Petitioner expressed remorse for her actions.

Nothing in this record suggests that Petitioner was not competent at the plea or sentencing, or that the trial court failed to make a proper inquiry. Petitioner is not entitled to relief on her claim. *See United States v. Harrison,* 146 F. App'x 821, 823 (6th Cir. 2005). Finally, the fact that defense counsel and Petitioner remained silent at sentencing about the competency issue is significant evidence that there was no *bona fide* doubt about Petitioner's competency. *See United States v. Gignac*, 301 F. App'x 471, 475 (6th Cir. 2008).

Petitioner's second claim is that the trial court denied her the right to meaningful allocution at sentencing.

There is no constitutional right to allocution under the United States Constitution. *Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997) (citing to *Hill v. United States*, 368 U.S. 424, 428 (1962)); *see also United States v. Richardson*, 948 F.3d 733, 744 (6th Cir. 2020) (there is no constitutional right to allocution at sentencing). Therefore, a trial court's failure to afford a defendant the right to allocution raises neither a jurisdictional nor constitutional error cognizable on habeas review. *Scrivner v. Tansy*, 68 F.3d 1234, 1240 (10th Cir. 1995); *see also Cooey v. Coyle*,

15

289 F.3d 882, 912 (6th Cir. 2002) (declining to issue certificate of appealability on denial of allocution claim).

Furthermore, Petitioner was not denied her opportunity to allocute. She made a statement to the court, as discussed above. A denial of the right of allocution "generally occurs when a defendant is not, personally and unambiguously, invited to address the court before sentencing . . . or when a court refuses to listen to the defendant's statement." *United States v. Carter*, 355 F.3d 920, 926 (6th Cir. 2004) (internal citations omitted). Allocution is the right to present a defendant's plea in *mitigation*, and is not unlimited. *Id.* (emphasis original, internal citation omitted). The judge permitted Petitioner to make a statement on her own behalf at sentencing. Petitioner is not entitled to relief on this claim.

## IV. Conclusion

The Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability to Petitioner. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve

encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. § 2254; *see also Strayhorn v. Booker*, 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court denies Petitioner a certificate of appealability; she failed to make a substantial showing of the denial of a federal constitutional right. *See Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002). However, although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## V. ORDER

The Court **DENIES** the Petition for a Writ of Habeas Corpus and a Certificate of Appealability.

Petitioner is **GRANTED** leave to appeal *in forma pauperis.*

                                            <u>s/Shalina D. Kumar</u>
                                            SHALINA D. KUMAR
                                            United States District Judge

Dated: July 28, 2022